OPINION of the Court, by
Ch. J. Boyee.
This was an action of assumpsit. Ten several counts laid in the declaration, in each of which the assumpsit is laid to have been made in consideration of merchandize; but in the 9th the plaintiif and defendant are alleged to be merchants, and trading as such ; and'in the 10th the plaintiff is alleged to be a merchant, and the defendant his agent, factor or servant; but in both bf these counts the assumpsit is laid in other respects in the common form of an indebitatus assumpsit.
The defendant filed several pleas — 1st, In answer to all the counts, non assumpsit. 2d, In answer to the 2d, 4th, 7th and 8th, “that the action did not accrue within live years.” 3d, In answer to the 1st, 3d, 5th ahd 6th counts, the same. 4th, ¾ answer to the 9th ahd 10th counts, the same plea. And 5th, In answer rto the’ 1st, 3d, 5th andhth counts, “ that the cause of action did not accrue within one year.” *
Upon the first plea issue was joined. To the second the plaintiff replied, in substance, that at the time of assumpsit in the declaration mentioned the defendant resided in the state of Kentucky, and that afterwards,' to wit, on the-day of-: — = in'the year 1802, he privately absconded and concealed himself thencel'or-ward fora longtime, so that the Ordinary phbe’ess Of law could not be served upon him, whereby the plaintiff was obstructed from bringing his action agahíst hito within the time limited by law'; ahd that the defendant having so absconded and concealed liimself; and coUtiduingso absconded and concealed, tlie plaintiff within fiveyéáfs next after the causé of action accriied 'Sued oút an attach-toent for the sanie cause against the defendant, and prosecuted the same to judgment, which oh a Whit of er-! ror prosecuted by the defendant from the court of appeals, was afterwards; oh the 7th of May 1808, at the April term of said court in that yeaf‘; reversed j and the plaintiff avers that the said term of the court of appeals éontihued until the 9⅜ day of July 1808, and that hé commenced this suit on the 9th of May" 1809> being less than a year after the end'of said term bf the court of appeals.' " ”⅛ ' ■ :L ^
To the 3d and 5th pleas the plaintiff made in substance the same replications as to the 2d. Tór the 4thpiéáhe *212 demurred. The defendant joined in the demurrer to his 4th plea, and demurred to the plaintiff’s replications to his 2d, 3d and 5 th pleas, in which the plaintiff joined.
The court below sustained the demurrer to the defendant’s 4th plea; but having also sustained the defendant’s demurrer to the plaintiff’s replications, final judgment was given for the defendant; to reverse which the plaintiff prosecutes this writ of error.
The first point which seems necessary to he considered, relates to the sufficiency of the plaintiff’s replications to the several pleas of the statute of limitations.
So far as the replications are intended to avoid the effect of the pleas, by showing that the action was commenced within a year after the reversal of the judgment in the attachment, they wholly fail: for the judgment having been reversed on the 7th of May 1808, and this suit commenced the 9th of^May in the next year, it is plain that in point of fact there was more than the interval of a year between the two events; and if we have recourse to the fiction of law, according to which the whole term is considered as one day, we shall find the settled rule to be that the judgment has relation to the first, and not to the last day of the term.. — See Tidd’s Prac.
But notwithstanding the replications are in this respect defective, they contain other matter, which though not designed perhaps to have that effect, clearly in our opinion shows that the defendant has no right to avail himself of the statute of limitations.
By the last section of the act of limitations, it is provided that if any defendant shall abscond or conceal himself, &c. or by any other indirect means defeat or obstruct any person from bringing any of the actions therein mentioned, within the time limited for bringing such actions, such defendant shall not be admitted to plead the act in bar of such action. Now as the replications allege the defendant to have absconded and concealed himself, whereby the plaintiff was obstructed from bringing his action within the time limited by law, they obviously bring the defendant within the letter of this provision of the act, and he cannot therefore be permitted to avail himself of the benefit of the act as a bar to the action. The replications are therefore sufficient, and the court below consequently erred in sustaining the demurrer to them.
*213 As the judgment on this ground must be reversed, and the cause remanded for new proceedings, it seems proper that we should examine how far the decision of the court below in favor of the plaintiff on the demurrer to the 4th pica is correct or not.
The objection to this plea, which was intended as an answ7er to the 9th and 10th counts, is predicated upon the idea that'the allegation contained in them of the plaintiff and defendant being merchants, &c. brings the case within the exception in the statute in relation to “ accounts concerning the trade of merchandize between merchants,” Sfc. But it has long since been settled, that open or current accounts only are within this exception; and consequently it does not apply to a case like the present, where there is a liquidated sum stated to be due and agreed to be paid by the defendant. It is true that there is no form of declaring injan indebitatus assumpsit upon an open or current account; but this only proves that if the plaintiff can at all bring his case within the exception, it must be done by a replication to the plea, and not by his declaration in this form of action.
The judgment must be reversed, and the cause remanded that the parties may have leave, if they apply therefor, to withdraw their demurrers and reply and rejoin as the case may require; but if they shall riot apply for leave to do so, that then judgment shall be entered according to the principles of the foregoing opinion.
Judgment for costs for the plaintiff.